UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AUSTIN LANE RACKLEY, Individually and On Behalf of All Others Similarly Situated, | § § § § | |
| Plaintiff, | § § | No. _____ |
| v. | § § § | |
| SKY HOOK RIG SUPPLY, LLC d/b/a SKY HOOK SERVICES, | § § § § | |
| Defendant. | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Austin Lane Rackley (referred to as "Plaintiff") bringing this collective action and lawsuit on behalf of himself and all other similarly situated employees to recover unpaid overtime wages from Defendant Sky Hook Rig Supply, LLC d/b/a Sky Hook Services ("Defendant"). In support thereof, he would respectfully show the Court as follows:

### I. Nature of Suit

1. Plaintiff's claims arise under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

2. The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers … ." 29 U.S.C. § 202(a). To achieve its humanitarian goals, the FLSA

- 2 -

defines appropriate pay deductions and sets overtime pay, minimum wage, and recordkeeping requirements for covered employers.  29 U.S.C. §§ 206(a), 207(a), 211(c).

3. Defendant violated the FLSA by employing Plaintiff and other similarly situated nonexempt employees "for a workweek longer than forty hours [but refusing to compensate them] for [their] employment in excess of [forty] hours … at a rate not less than one and one-half times the regular rate at which [they are or were] employed."  29 U.S.C. § 207(a)(1).

4. Defendant violated the FLSA by failing to maintain accurate time and pay records for Plaintiff and other similarly situated nonexempt employees as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

5. Plaintiff brings this collective action under 29 U.S.C. § 216(b) on behalf of himself and all other similarly situated employees to recover unpaid overtime wages.

## II.  Jurisdiction & Venue

6. The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because it arises under the FLSA, a federal statute.

7. Venue is proper in this district and division pursuant to 28 U.S.C. §§ 1391(b)(1), (2) because Defendant resides in the Houston Division of the Southern District of Texas and/or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Houston Division of the Southern District of Texas.

### III.  Parties

8. Rackley is an individual who resides in Frankston, Texas and who has been employed by Defendant.

9. Sky Hook Rig Supply, LLC is a Texas corporation with its principal place of business in Houston, Harris County, Texas.  Defendant may be served with process by serving its registered agent, Richard Mannie Seale at 3219 E. County Road 44, Midland, Texas 79705. Alternatively, if the registered agent of Defendant cannot with reasonable diligence be found at the company's registered office, Defendant may be served with process by serving the Texas Secretary of State pursuant to TEX. BUS. ORG. CODE § 5.251 and TEX. CIV. PRAC. & REM. CODE § 17.026.

10. Whenever it is alleged that Defendant committed any act or omission, it is meant that company's officers, directors, vice-principals, agents, servants or employees committed such act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendants or was done in the routine and normal course and scope of employment of the company's officers, directors, vice-principals, agents, servants or employees.

### IV.  Facts

11. According to its website, Defendant provides surface rental equipment, solids control, and water production in the oil and gas industry; it does business in the territorial jurisdiction of the Court at 1302 Waugh Drive 397, Houston, Texas 77019.

12. Defendant systematically deprives workers of their statutory rights to overtime pay under the FLSA.

13. Defendant controlled Plaintiff's work, including his schedules and other conditions of his employment.

14. Defendant retained all right to control the nature, extent and location of Plaintiff's work, including the right to hire and fire Plaintiff.

15. Defendant employed Plaintiff as a service technician for oil rigs, that Defendant had maintenance contracts for, from March 7, 2019 through July 28, 2019.

16. During Plaintiff's employment with Defendant, he was engaged in commerce or the production of goods for commerce.

17. During Plaintiff's employment with Defendant, the company had employees engaged in commerce or in the production of goods for commerce.

18. During Plaintiff's employment with Defendant, the company had employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce by others.

19. During Plaintiff's employment with Defendant, the companies had an annual gross volume of sales made or business done of at least $500,000.

20. Defendant paid Plaintiff on a day-rate basis.

21. At no time did Plaintiff every receive a salary or guaranteed a fixed amount in any workweek.

22. During Plaintiff's employment with Defendant, he regularly worked in excess of forty hours per week.

23. Defendant knew or reasonably should have known that Plaintiff worked in excess of forty hours per week.

24. Defendant did not pay Plaintiff overtime "at a rate not less than one and one-half times the regular rate at which he [was] employed." 29 U.S.C. § 207(a)(1).

25. Instead, Defendant paid Plaintiff a flat sum for day he worked regardless of the number of hours he worked in a workweek.  *See*, 29 C.F.R. § 778.112 (day-rate and job-rate workers entitled to additional overtime premium).

26. In other words, Defendant paid Plaintiff for his overtime at a rate less than one and one-half times the regular rate at which he was employed in violation of the FLSA.

27. Defendant knew or reasonably should have known that Plaintiff was not exempt from the overtime provisions of the FLSA.

28. Defendant failed to maintain accurate time and pay records for Plaintiff as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

29. Defendant knew or showed a reckless disregard for whether its pay practices violated the FLSA.

30. Defendant is liable to Plaintiff for his unpaid overtime wages, liquidated damages and attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

31.     If Defendant classified Plaintiff as exempt from the overtime requirements of the FLSA, he was misclassified because no exemption excuses the company's noncompliance with the overtime requirements of the FLSA.

32.     All employees, including service technicians employed by Defendant are similarly situated to Plaintiff because they (1) have similar job duties; (2) regularly work in excess of forty hours per week; (3) are paid on a day rate basis or otherwise not paid overtime for the hours they work in excess of forty per week as required by 29 U.S.C. § 207(a)(1) and (4) are entitled to recover their unpaid overtime wages, liquidated damages and attorneys' fees and costs from Defendant pursuant to 29 U.S.C. § 216(b).

### V.  Count One—Failure to Pay Overtime in Violation of 29 U.S.C. § 207(a)

33.     Plaintiff adopts by reference all of the facts set forth above.  *See*, FED. R. CIV. P. 10(c).

34.     During Plaintiff's employment with Defendant, he was a nonexempt employee.

35.     As a nonexempt employee, Defendant was legally obligated to pay Plaintiff "at a rate not less than one and one-half times the regular rate at which he [was] employed[]" for the hours that he worked over forty in a workweek.  29 U.S.C. § 207(a)(1).

36.     Defendant did not pay Plaintiff overtime "at a rate not less than one and one-half times the regular rate at which he [was] employed." 29 U.S.C. § 207(a)(1).

37. Instead, Defendant paid Plaintiff a flat sum for each day regardless of the number of hours he worked in a workweek. *See*, 29 C.F.R. § 778.112 (day-rate and job-rate workers entitled to additional overtime premium).

38. In other words, Defendant paid Plaintiff for his overtime at a rate less than one and one-half times the regular rate at which he was employed in violation of the FLSA.

39. If Defendant classified Plaintiff as exempt from the overtime requirements of the FLSA, he was misclassified because no exemption excuses the company's noncompliance with the overtime requirements of the FLSA.

40. Defendant knew or showed a reckless disregard for whether its pay practices violated the overtime requirements of the FLSA. In other words, Defendant willfully violated the overtime requirements of the FLSA.

## VI. Count Two—Failure to Maintain Accurate Records in Violation of 29 U.S.C. § 211(c)

41. Plaintiff adopts by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

42. The FLSA requires employers to keep accurate records of hours worked by and wages paid to nonexempt employees. 29 U.S.C. § 211(c); 29 C.F.R. pt. 516.

43. In addition to the pay violations of the FLSA described above, Defendant also failed to keep proper time and pay records as required by the FLSA.

## VIII. Count Three—Collective Action Allegations

44. Plaintiff adopts by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

45. On information and belief, other employees have been victimized by Defendant's violations of the FLSA identified above.

46. These employees are similarly situated to Plaintiff because, during the relevant time period, they held similar positions, were compensated in a similar manner and were denied overtime wages at one and one-half times their regular rates for hours worked over forty in a workweek.

47. Defendant's policy or practice of failing to pay overtime compensation is a generally applicable policy or practice and does not depend on the personal circumstances of the putative class members.

48. Since, on information and belief, Plaintiff's experience is typical of the experiences of the putative class members, collective action treatment is appropriate.

49. All employees of Defendant, regardless of their rates of pay, who were paid at a rate less than one and one-half times the regular rates at which they were employed for the hours that they worked over forty in a workweek are similarly situated. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The Classes are therefore properly defined as:

> All service technicians and all other employees employed by Defendant during the last three years who were paid on a day rate basis or otherwise not paid proper overtime;

50. Defendant is liable to Plaintiff and the other employees, including service technicians, for the difference between what it actually paid them and what it was legally obligated to pay them.

51. Because Defendant knew and/or showed a reckless disregard for whether its pay practices violated the FLSA, the company owes Plaintiff and the other inspectors their unpaid overtime wages for at least the last three years.

52. Defendant is liable to Plaintiff and the other employees, including service technicians, in an amount equal to their unpaid overtime wages as liquidated damages.

53. Defendant is liable to Plaintiff and the other employees, including inspectors, for their reasonable attorneys' fees and costs.

54. Plaintiff has retained counsel who are well versed in FLSA collective action litigation and who are prepared to litigate this matter vigorously on his behalf as well as on behalf of all other putative class members.

## IX.  Prayer

55. Plaintiff prays for the following relief:

    a. an order allowing this action to proceed as a collective action under 29 U.S.C § 216(b);

    b. judgment awarding Plaintiff and the other employees, including inspectors all unpaid overtime compensation, liquidated damages, attorneys' fees and costs;

    c. post judgment interest at the applicable rate;

    d. incentive awards for any class representative(s); and

      e.    all such other and further relief to which Plaintiff and the other employees, including inspectors, may show themselves to be justly entitled.

Respectfully submitted,

MOORE & ASSOCIATES

By: _____/s/ Melissa Moore_____
Melissa Moore
State Bar No. 24013189
Federal Id. No. 25122
Curt Hesse
State Bar No. 24065414
Federal Id. No. 968465
Lyric Center
440 Louisiana Street, Suite 675
Houston, Texas 77002
Telephone: (713) 222-6775
Facsimile: (713) 222-6739

**ATTORNEYS FOR PLAINTIFF**